IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| MONICA BOYD-RICHARDS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GOVERNOR JOHN P. de JONGH, JR., | : | |
| et al. | : | NO. 11-45 |

MEMORANDUM

Bartle, J.                                                                    January 4, 2012

        Plaintiff Monica Boyd-Richards, proceeding pro se, has filed a three-count complaint against the United States Virgin Islands (the "Virgin Islands"), John P. de Jongh, Jr. in his official capacity as Governor of the Virgin Islands ("Governor de Jongh"), and Dr. Laverne Terry both in her individual capacity and in her capacity as Commissioner of the U.S. Virgin Islands Department of Education ("Dr. Terry"). Plaintiff alleges that defendants deprived her of certain constitutional and statutory rights and intentionally inflicted emotional distress in connection with her termination from a public school teaching position in 2009.

        Before the court is the motion of defendants to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I.

When reviewing a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), the court accepts the plaintiff's allegations as correct and draws inferences in the plaintiff's favor.  Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 & n.4 (3d Cir. 2002); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial challenge to subject-matter jurisdiction is one in which a defendant argues that "the allegations on the face of the complaint, taken as true," are insufficient to invoke the court's jurisdiction.  Turicentro, 303 F.3d at 300.

Similarly, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all factual allegations in the pleading and draws all inferences in the light most favorable to the nonmoving party.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  We then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).

In deciding a motion to dismiss under Rule 12(b)(6), the court must generally restrict its analysis to the facts

alleged in the complaint.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  An exception exists, however, for "an undisputedly authentic" document upon which a party explicitly relied or "based" its claims, whether or not the document is attached to the challenged pleading.  Id.; see In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425-26 (3d Cir. 1997).  The court may also consider documents that are "matters of public record," which include "criminal case dispositions, letter decisions of government agencies, and published reports of administrative bodies."  J/H Real Estate, Inc. v. Abramson, 901 F. Supp. 2d 952, 954-55 & n.3 (E.D. Pa. 1995); see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Miller v. Cadmus Commc'ns, No. 09-2869, 2010 U.S. Dist. LEXIS 19283, at *3, *9-*16 (E.D. Pa. Mar. 1, 2010).

> In reviewing Boyd-Richards' complaint, we are mindful that a pleading "filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).  Nevertheless, a pro se litigant's complaint must still state a plausible claim.  See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010).

II.

> The following facts are viewed in the light most favorable to Boyd-Richards, the nonmoving party.

In 2007, Boyd-Richards was working as a secondary school teacher at a public school on the island of St. John. She developed "certain conditions unknown to her" and took sick leave "to investigate the source of her illnesses." The exact nature of Boyd-Richards' malady is not stated in the complaint or the exhibits attached to it. In one of those exhibits, a complaint filed with the Equal Employment Opportunity Commission ("EEOC"), plaintiff states that she sustained an injury to her left eye and that a Veterans Affairs hospital treated her by performing "a total physical to include the care and fitting for [her] eye glasses."

Boyd-Richards avers she submitted a leave slip for "the months of March 2007 through April 2007" during which time she sought a diagnosis of her medical condition. It is unclear from the complaint what portions of March and April were covered by the leave slips plaintiff submitted. It is also unknown whether those leave slips covered all of the days plaintiff missed work.

On May 3, 2007, Boyd-Richards received a notice stating that she was "being cited for job abandonment" and was being placed on administrative leave. Over a year later, in June 2008, Boyd-Richards attempted to return to work. She learned from an unidentified source that she should not return to work, that she was "being charged with job abandonment," and that she was being placed on administrative leave. After nearly another year had passed, on March 20, 2009, plaintiff received a notice of

-4-

termination from Governor de Jongh stating that she was dismissed for job abandonment.

Plaintiff alleges that defendants used job abandonment as a pretext for her termination and that defendants dismissed her due to a disability or in retaliation for her taking sick leave.[1]  She does not allege whether she filed a complaint with the EEOC or whether that agency issued her a Notice of Right to Sue letter.

### III.

In Count I of the complaint, Boyd-Richards alleges that the defendants violated her rights under the First Amendment, the Due Process clause, and the Equal Protection clause.

As a resident of the Virgin Islands, an unincorporated territory, Boyd-Richards' civil rights are defined by the Bill of Rights set forth in 48 U.S.C. § 1561.  See 48 U.S.C. § 1541(a); In re Brown, 439 F.2d 47, 50-51 (3d Cir. 1971); Virgin Islands v. Bodle, 427 F.2d 532, 533 n.1 (3d Cir. 1970); Virgin Islands v. Commissiong, 698 F. Supp. 604, 611 (D.V.I. 1988).  Nevertheless, § 1561 "expresses the congressional intention to make the federal Constitution applicable to the Virgin Islands to the fullest extent possible consistent with its status as a territory."  Brown, 439 F.2d at 50-51.  Section 1561 contains provisions that

---

1. In her opposition brief, Boyd-Richards also suggests that she was terminated in retaliation for comments she made to a local politician on a radio program.  Because there is no such allegation in the complaint, we do not consider it in evaluating her claims.

mirror the First Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Constitution of the United States.  48 U.S.C. § 1561 (¶¶ 1, 15); Commissiong, 698 F. Supp. at 611.

Because plaintiff has not identified the statutory authority for Count I, we will presume she intends to assert her § 1561 claims pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The government of the U.S. Virgin Islands and government officials acting in their official capacity are not "persons" within the meaning of § 1983.  See 48 U.S.C. § 1541(a); Ngiraingas v. Sanchez, 495 U.S. 182, 186-192 (1990); Eddy v. V.I. Water & Power Auth., 961 F. Supp. 113, 115-17 (D.V.I. 1997).  Thus, Boyd-Richards cannot bring her First Amendment, due process or equal protection claims under § 1983 against the Virgin Islands or against Governor de Jongh or Dr. Terry in their official capacities.[2]

---

2.  This court has held that there is no implied claim for relief allowed under § 1561 against the government of the Virgin Islands (continued...)

As noted above, Dr. Terry is also sued in Count I in her individual capacity. The complaint does not allege any actions that Dr. Terry took in connection with plaintiffs' termination. Dr. Terry is mentioned in the complaint only once, in the paragraph in which she is described as the Commissioner of the Department of Education. The allegations in the complaint do not assert that Dr. Terry personally engaged in, directed, or acquiesced in conduct that violated plaintiff's rights under § 1561. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). As a result, Dr. Terry cannot be held liable under § 1983 for the purported § 1561 violations alleged in Count I.

In addition, to the extent Boyd-Richards brings Count I under § 1983, it was filed untimely. An action under § 1983 is subject to a two-year statute of limitations, the limitations period applicable to personal injury actions in the Virgin Islands. 5 V.I.C. § 31(5)(A); Callwood v. Questel, 883 F.2d 272, 274 (3d Cir. 1987). Boyd-Richards' due process and equal protection claims accrued at the latest by March 20, 2009 when she received notice of her termination. The complaint in this action was not filed until March 28, 2011.

Count I will be dismissed as to all three defendants. Because the claims in Count I are barred by the statute of

---

2. (...continued)
or officials acting in their official capacity. Eddy, 961 F. Supp. at 116-17.

-7-

limitations, we will not grant plaintiff leave to amend her § 1983 claims against Dr. Terry in her individual capacity.

IV.

In Count II of her complaint, Boyd-Richards alleges that defendants violated her statutory rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

Plaintiff notes that Count II "is certainly not limited to" violations of these two statutory schemes.  The factual allegations in the complaint, however, only pertain to disability discrimination and a violation of the FMLA.  In the EEOC "Charge of Discrimination" form dated July 1, 2010 and attached to the complaint as an exhibit, plaintiff alleged defendants also discriminated against her based on her national origin.  In another exhibit to the complaint, a handwritten letter to the EEOC dated October 12, 2010, plaintiff requested a Notice of Right to Sue letter based on disability, race, age, "originality," "bias," and sexual discrimination.  These passing references to various types of discrimination in exhibits to the complaint, unsupported by specific factual allegations, are insufficient to allege a claim for relief under the pleading requirements as interpreted by the Supreme Court.  Iqbal, 129 S. Ct. at 1949.  We therefore limit our discussion to the alleged ADA and FMLA violations.

Defendants argue that plaintiff's ADA claim should be dismissed because it is barred by the statute of limitations.  A claim for relief under the ADA must be brought within 90 days of the plaintiff receiving a Notice of Right to Sue letter from the relevant government agency.  See 42 U.S.C. § 2000e-5(f)(1).  This 90-day limitations period begins to run on the date the plaintiff receives the notice.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999); Motley v. Bell Tel. Co., 562 F. Supp. 497, 498 (E.D. Pa. 1983).

The date that plaintiff received her Notice of Right to Sue letter is not alleged in the complaint.  Nonetheless, defendants attached the Notice of Right to Sue letter issued to Boyd-Richards as an attachment to their opposition.  Because the Notice of Right to Sue is a public record issued by a government agency, we may consider it without converting the defendants' motion to dismiss into a motion for summary judgment.  See Cadmus Commc'ns, No. 09-2869, 2010 U.S. Dist. LEXIS 19283, at *3, *9-*16.  The Civil Rights Section of the Department of Justice[3] in Washington D.C. issued plaintiff a Notice of Right to Sue letter on December 1, 2010.  The Department of Justice also mailed a copy of this letter to the U.S. Virgin Islands Department of Education where it was stamped "received" five days later on December 6, 2010.  The complaint was filed March 28, 2011.  Based

---

3.  In cases involving alleged discrimination by a governmental unit, the Attorney General, not the EEOC, issues a Notice of Right to Sue letter.  42 U.S.C. § 2000e-5(f)(1).

on the date the Notice of Right to Sue letter was mailed and the date it was received by the Department of Education, we can reasonably infer that Boyd-Richards must have received the letter more than 90 days before she commenced this action, which as noted above, occurred on March 28, 2011.  See Seitzinger, 165 F.3d at 239.  Because the ADA claim in Count II was filed after the statute of limitations had expired, it will be dismissed.[4]

Plaintiff also alleges in Count II that defendants violated the FMLA.  The FMLA entitles an employee to take up to 12 weeks of leave from work annually so the employee may care for a "serious medical condition" afflicting either the employee or certain of the employee's family members.  29 U.S.C. §§ 2612(a)(1).[5]  Under the FMLA an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights.  29 U.S.C. § 2615(a)(1); see Callison v. City of Phila., 430 F.3d 117, 119-20 (3d Cir. 2005).  Thus, it is a violation of the FMLA to terminate an employee in retaliation for taking or attempting to take the leave guaranteed by the FMLA.  Callison, 430 F.3d at 119; 29 C.F.R. § 825.220(c).

The FMLA requires employees to make a reasonable effort to schedule leave so as to avoid undue disruption to the

---

4.  There is no allegation in the complaint that would warrant equitable tolling of the statute of limitations.  See Seitzinger, 165 F.3d at 239-40.

5.  A serious medical condition is "an illness, injury, impairment or physical or mental condition that involves inpatient care . . . or continuing treatment by a health care provider."  29 C.F.R. § 825.113; see id. at §§ 825.114-825.115.

employer's enterprise and, when possible, to give employers 30 days' notice of the need for FMLA leave. 29 U.S.C. § 2612(e)(2)(A)-(B). If 30 days' notice is not possible, the employee is required to give the employer "such notice as is practicable" under the circumstances. Id. The employee must communicate to the employer the reason leave is required. The employee need not use any "magic words" to request FMLA leave but must give "reasonably adequate information under the circumstances" so the employer understands the employee is seeking FMLA leave. Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007). Our Court of Appeals has explained that "the critical test for substantively-sufficient notice is whether the information that the employee conveyed to the employer was reasonably adequate to apprise the employer of the employee's request to take leave for a serious health condition that rendered him unable to perform his job." Id. (quoting Brenneman v. MedCentral Health Sys., 366 F.3d 412, 421 (6th Cir. 2004)).

    Defendants assert that Boyd-Richards failed to allege she was entitled to leave under the FMLA. Defendants have not contended that plaintiff's eye injury was not a "serious medical condition" within the meaning of the FMLA. See 29 U.S.C. § 2611(11). Rather, defendants simply make the irrelevant argument that plaintiff was not entitled to FMLA leave because she had not recently given birth to a child. Defs.' Br. at 10; see 29 U.S.C. at § 2612(a).

-11-

Defendants also maintain plaintiff failed to allege that she requested FMLA leave.  Plaintiff states that she submitted leave slips to her employer in order to take sick leave during March and April 2007.  She avers that during this period she missed work to care for an eye condition of which her employer was aware and that defendants "initiated termination proceedings against the Plaintiff without . . . allow [sic] her to take leave pursuant to the [FMLA]."  Drawing all inferences in Boyd-Richards' favor and construing her allegations liberally, plaintiff has alleged that she requested FMLA leave.  She has asserted that she notified her employer of her intention to be absent from work for portions of two months in order to diagnose and receive care for an eye injury or condition.  During an absence of less than 12 weeks, her employer initiated termination proceedings.  Plaintiff has thus alleged a plausible violation of the FMLA under 29 U.S.C. § 2615(a).[6]

The FMLA applies, however, only to "employers" as that term is defined by statute.  See 29 U.S.C. § 2611(4)(A)(ii)(I).  Boyd-Richards has not alleged any facts from which the court plausibly may infer that Dr. Terry acted as an "employer" within the meaning of the FMLA.  See id.; Iqbal, 129 S. Ct. at 1949.  In fact, plaintiff's complaint does not include any allegations

---

6.  Defendants argue that Count II should be dismissed for improper service of process.  See Fed. R. Civ. P. 12(b)(4).  We do not consider this argument because defendants failed properly to support any of their factual allegations regarding service of process with affidavits or declarations.

concerning actions taken by Dr. Terry. Accordingly, the FMLA claim will be dismissed against Dr. Terry in both her individual and official capacities.[7]

V.

Boyd-Richards alleges in Count III of her complaint that defendants engaged in the common law tort of intentional infliction of emotional distress. Defendants counter that this court lacks subject-matter jurisdiction over this claim because plaintiff failed to comply with the provisions of the Virgin Islands Tort Claims Act ("VITCA"), 33 V.I.C. § 3409(a). Under the VITCA,

> a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

33 V.I.C. § 3409(a). A plaintiff's compliance with the VITCA is a jurisdictional prerequisite to filing suit against the government of the Virgin Islands for tort damages. Speaks v.

---

7. Defendants the Virgin Islands and Governor de Jongh do not argue that they are outside the FMLA's definition of "employer." Because the complaint does not plausibly allege that Dr. Terry violated the FMLA in any capacity, we need not determine whether a government official may be liable in his or her individual capacity for violating the FMLA. Compare Smith v. V.I. Port Auth., No. 02-227, 46 V.I. 466, 2005 U.S. Dist. LEXIS 56, at *39 (D.V.I. Jan. 2, 2005) with Kilvitis v. Cnty. of Luzerne, 52 F. Supp. 2d 403, 411-16 (M.D. Pa. 1999).

Gov't of the V.I., No. 06-168, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009); Delgado v. Gov't of the V.I., 137 F. Supp. 2d 611, 615 (D.V.I. App. Div. 2001). The complaint describes events that transpired between 2007 and 2009. The last event alleged in the complaint occurred more than two years before Boyd-Richards initiated this case. Plaintiff does not allege that she filed a claim or a notice of intention to file a claim within 90 days of the last event described in the complaint. Accordingly, Count III must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure as to the Virgin Islands, Governor de Jongh, and Dr. Terry in her official capacity.[8]

As to defendant Dr. Terry in her individual capacity, plaintiff has failed to state a claim for intentional infliction of emotional distress. To state such a claim, the plaintiff must allege that the defendant engaged in extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress. Claytor v. Chenay Bay Beach Resort, 79 F. Supp. 2d 577, 583-84 (D.V.I. 1999); see Restatement (Second) of Torts § 46(1). "Under Virgin Islands law, 'it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'"

---

8. Under the VITCA, a court has the discretion to waive the time limit provided in § 3409(c) if the plaintiff applies for such a waiver by "motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention." 33 V.I.C. § 3409(c). Boyd-Richards has made no such motion.

Speaks, 2009 WL 167330, at *7 (quoting Ramos v. St. Croix Alumina, L.L.C., 277 F. Supp. 2d 600, 604 (D.V.I. 2003)). Boyd-Richards had not asserted that Dr. Terry engaged in any conduct that plausibly could be described as extreme or outrageous. As noted above, the complaint does not allege any conduct by Dr. Terry at all. This claim will be dismissed as to Dr. Terry in her individual capacity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.